Cáre, J.
I am of opinion, that this case can be regarded as before us upon the appeal from the dismission of the bill of review alone. It was contended, that Laidlefs bill was not a bill of review, but should be regarded as a supplemental bill in the nature of a bill of review, and a petition for a rehearing. I know of only two modes by which a party can bring before the same court a decree of its own, to be corrected for error not clerical but judicial. These are a petition for a rehearing, and a bill of review. As to the ceremonies attending them, and the causes for which they 'will be received, they occupy nearly the same ground. The first is the proper step when the decree is not final; the latter, when it is enrolled, and the parties out of court. *353 I think the bill before us is a bill of review, because the party has given it both the form and the substance of such a bill. He calls it a bill of review, and prays that the decree may be reviewed, both for newly discovered facts, and error apparent on its face. It is equally clear, that the decree sought to be reviewed is interlocutory and not final. It decrees the payment of money, and that if not paid, the marshal shall sell the land, and report his proceedings to the court. The case is like Bowyer v. Lewis, 1 Hen. & Munf. 553. where the bill of review was dismissed, because the decree was not final; and more exactly like the case of Ellzey v. Lane, 2 Id. 589. where on a mortgage a bill to foreclose had been filed, and a decree was made for a sale and report; and the court held that the decree was interlocutory, and that no bill of review in such case would lie. Without going into any other question, I should be for affirming the decree, as I am clearly of opinion that the appeal did not bring up the original decree as such, but merely as the decree sought to be reviewed. Whether now, upon a petition of appeal from the original decree, this court would allow it, will be best decided when the case shall come before us in that shape.
Cabell, J.
A bill of review, strictly speaking, is a proceeding to correct a. final decree, in the same court, for error apparent on the face of the decree, or on account of new evidence discovered since the final decree. The decree being final, the bill of review is not regarded as a part of the cause in which the decree was rendered, but as a new suit having for its object the correction of the decree in the former suit. But where a decree is only interlocutory, but liable to the same objections, the party injured must seek his redress, not by a bill of review, as such, but by petition, or supple *354 mental bill in the nature of a bill of review. Such pe." j. tition or supplemental bill is regarded as a part of the very cause, the decree in which is sought to be corrected, and any order or decree of the court, on the petition or bill, is only interlocutory, and cannot be appealed from in England, however erroneous or unjust it may be, until the decree which is sought to be corrected by the petition or bill, shall itself become final. But when that decree becomes final, the appeal taken from it brings up every part of the cause, and will lead to the correction of every error, in whatever stage of the cause it may have been committed. And such was the law of Virginia, until the statute was passed allowing appeals from interlocutory decrees. That statute, however, has produced a material change in the course of our courts on this subject.
As I have already said, the same causes which will require a bill of review, after the decree is final, may require a petition or supplemental bill, while the decree is only interlocutor}'. Let us suppose, then, that such cause exists against an interlocutory decree, as would justify a petition or supplemental bill for its correction, and that the party seeking relief sets forth the cause in the form of a bill of review, asking a review and correction of the decree; is his application to be rejected altogether, merely because he has given it the form and name of a bill of review, instead of a petition, or supplemental bill in the nature of a bill of review ? I think, certainly not. The court should regard its substance, and treat it, accordingly, as a petition or supplemental bill in the nature of a bill of review. There is, in fact, in many instánces, no difference in form or substance between a bill of review, and a supplemental bill in the nature of a bill of review. The time at which they are presented, gives to them their character. The same bill which, if presented after a final decree, would be a good bill of review, would, if presented in the *355 same words, before final decree, be good as a supple- . ° . 1 r mental bill in the nature of a bill of review, whatever name the party may inadvertently give to it. If such a bill, presented before final decree, be rejected, or being received, be dismissed, the order of rejection, and the decree of dismissal, are interlocutory, and under our statute may be appealed from, in the same manner as any other interlocutory orders or decrees. It is undeniable, that the party might have appealed from the original interlocutory decree: why shall lie not do so from a subsequent interlocutory order or decree equally erroneous and injurious ? I can see no reasonable objection to such a course. And when an appeal is allowed in a cause, it brings up every part of the cause. These principles are, I think, perfectly applicable to the case befoi'e us. Laidlifs bill, called by him a bill of review, was, in fact, a supplemental bill in the nature of a bill of review, and the order or decree of the court upon it was an interlocutory order or decree, subject to the right of appeal, as any other interlocutory order or decree whatever; and the appeal from it brings up every part of the cause. As to the cases of Bowyer v. Lewis and Ellzey v. Lane, it is sufficient to say that they were decided before the statute allowed appeals from interlocutory decrees, and therefore do not apply. The cause must be heard upon its merits.